IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  |
|---|---|---|
| **MARVIN B. STRODE, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Civil No.  **06-228-GPM** |
| | ) | |
| **VENICE, IL, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is defendants' motion to quash subpoenas duces tecum propounded upon defendants Tyrone Echols, Bradley Jones and Jeremy Harrell, in conjunction with notices of deposition on October 17, 2006.  **(Doc. 19).**  Defendants argue: (1) the form of the subpoena duces tecum does not comport with Federal Rule of Civil Procedure 45(a); (2) the subpoena does not allot 30 days for production, as required by Federal Rules of Civil Procedure 30(b)(5) and 34(b); and (3) the subpoena seeks "confidential and proprietary personnel and employment information relating to defendants and other third-party defendants of the City of Venice."  **(Doc. 19, p. 2).**   The time for plaintiffs to respond has not run but, in the interest of judicial economy, the Court finds it appropriate to rule without the benefit of plaintiffs' response.[1]

Although the plaintiffs need not utilize the Administrative Office form subpoena duces

---

[1] Defendants did not file their motion until 6:11 p.m. on Friday, October 13, 2006, and they did not submit the required proposed order until after noon on Tuesday, October 17, 2006, which was after two of the three depositions were set to commence.  Defendants did not bother to alert the Court to their motion, so there was no opportunity to resolve this matter expeditiously before the depositions commenced.

1

tecum as defendants suggest, the subpoena does need to comport with the basic requirements set forth in Federal Rule of Civil Procedure 45(a).  The Court will not note every flaw, as it should suffice to observe that the subpoena does not even state the name of the court or the case caption.

Plaintiffs have also failed to allot 30 days for production of the documents, as required by Federal Rules of Civil Procedure 30(b)(5) and 34(b).  The subpoenas were served on or about October 4, 2006, which was only 13 days before production was required.

Defendants also object that the subpoenas seek "confidential and proprietary personnel and employment information relating to defendants and other third-party defendants of the City of Venice."  The Court does not understand defendants' use of the terms "proprietary" or "third-party defendants."  In any event, the Court recognizes the confidential nature of much of the information typically found in personnel files and the defendants' desire to keep a variety of employee information confidential.  Nevertheless, the Court of Appeals for the Seventh Circuit has observed that "the contents of [employee personnel files] are by no means uniform.  Some information contained in personnel files may be completely innocuous while other information could be of the most personal and sensitive nature."  ***National Labor Relations Board v. Pfizer*, 763 F.2d 887, 891 (7th Cir. 1985).**  Similarly, the requested records may or may not be relevant to this case.  Defendants only speculate why the documents are sought.  Despite defendants' assertions to the contrary, there is no per se rule against the production of the personnel records of non-parties.  The flimsiness of this argument illustrates why it is better taken up in the form of a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c), *if* plaintiffs elect to properly propound subpoenas duces tecum seeking the same documents.

**IT IS THEREFORE ORDERED** that defendants' motion to quash subpoenas duces tecum propounded upon defendants Tyrone Echols, Bradley Jones and Jeremy Harrell **(Doc. 19)** is **GRANTED IN PART AND DENIED IN PART**.  The subpoenas duces tecum are **QUASHED**, but the request for a protective order directed at  employment and personnel files is denied at this juncture.

**IT IS SO ORDERED.**

DATED:  October 17, 2006

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
