IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARVIN B. STRODE, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil No. **06-228-GPM** |
| ) | |
| **VENICE, IL, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendants James E. Newsome, Shawn Tyler, William Garrett and Bradley Jones' motion to quash subpoenas and notices of deposition propounded upon non-parties for the aforementioned defendants' "employment records." **(Doc. 23).** Plaintiffs have served 13 such notices and subpoenas via mail, for depositions on November 10, 2006, at plaintiff's counsel's office in East St. Louis, Illinois. **(Doc. 23, Exhibits A-M).** Defendants assert the form of the subpoenas does not comport with Federal Rule of Civil Procedure 45. Defendants also argue that the requests for "the employment records" is overly broad, the records sought are irrelevant, and plaintiffs have failed to show a need for the records. **(Doc. 24).** Defendants pray the Court quash the subpoenas or enter a protective order barring production and inspection fo the records.

The Court notes that this is the second attempt plaintiffs have made to subpoena the defendants' employment records. The first attempt failed due to a myriad of procedural errors. **(Doc. 21).** Plaintiff's second attempt is also fatally flawed.

As a preliminary matter, the Court must itself address two procedural issues. First, the

time for plaintiffs to respond has not run but, in the interest of judicial economy, the Court finds it appropriate to rule without the benefit of plaintiffs' response.  Second, although the subpoenas are aimed at non-parties, the defendants have standing to challenge them because it is their personnel records that are requested.  *See generally U.S. v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982); **Fed.R.Civ.P. 26(c).**

As the Court's previous order explained, although the plaintiffs need not utilize the Administrative Office form subpoena, the subpoena does need to comport with the basic requirements set forth in Federal Rule of Civil Procedure 45.  However, plaintiffs' "homemade" notices and subpoenas combine a deposition subpoena with a subpoena duces tecum in such a way as to cause plaintiffs some unnecessary procedural headaches.

Although the notices clearly explain that the production of the employment records would negate the necessity of actually appearing for deposition, the subpoenas themselves– the controlling documents– do not make such a distinction.  When a subpoena for a deposition and a subpoena duces tecum are combined, the subpoena must issue from the court for the district where the deposition is to be taken.  **Fed.R.Civ.P. 45(a)(2)(B) and (C).**  In this case, the depositions are all to be taken within this district, the Southern District of Illinois.  However, the "100 mile rule" then applies.  **Fed.R.Civ.P. 45(b)(2) and 45(c)(3)(B)(iii).**  Therefore, two subpoenas in particular are clearly flawed, in that they are directed at record custodians in Jackson, Mississippi and Jefferson City, Missouri.  **(Doc. 23, Exhibits C and L).**

More important, *personal* service of all the subpoenas is required.  **Fed.R.Civ.P. 45(b)(1).**  The subpoenas were all mailed, not personally served.  Only the notices may be served by mail.  **Fed.R.Civ.P. 45(b)(1).**  The Court will not analyze the subpoenas further, as plaintiffs'

counsel should carefully review Federal Rule of Civil Procedure 45 before attempting a third round of subpoenas.

Defendants also object to the requests for their "employment records." The Court does not find the phrase "employment records" overly broad or vague, although, as discussed below, the relevance of the records remains to be seen.

Again, the Court emphasizes that the information in the requested files may or may not be relevant, and may or may not be worthy of protection. As the Court of Appeals for the Seventh Circuit has observed, "the contents of [employee personnel files] are by no means uniform. Some information contained in personnel files may be completely innocuous while other information could be of the most personal and sensitive nature." ***National Labor Relations Board v. Pfizer*, 763 F.2d 887, 891 (7th Cir. 1985).**

This action primarily revolves around the firing of plaintiffs Strode and McAfee; thus, *their* employment records for the period while they were employed with the defendant City of Venice are clearly relevant. It is not at all clear why the defendants' employment records from time periods presumably before the incidents at issue in this action, and for jobs other than with the City of Venice, are relevant. Therefore, the Court expects that, if plaintiffs again attempt to secure the defendants' employment records, defendants will again file a motion for a protective order. The Court will not analyze the propriety of allowing plaintiffs to discover those records until such time as plaintiffs have propounded a procedurally proper discovery request/subpoena.

**IT IS THEREFORE ORDERED** that defendants' motion to quash subpoenas and notices of deposition **(Doc. 23)** is **GRANTED IN PART AND DENIED IN PART**. The 13 subpoenas at issue are **QUASHED**, but the request for a protective order is **DENIED** at this

juncture.

**IT IS FURTHER ORDERED** that upon receipt of this order plaintiffs' counsel shall *immediately* notify the subpoenaed records custodians that they need not appear to be deposed, nor need they produce the records sought via subpoena.

**IT IS SO ORDERED.**

**DATED: November 9, 2006**

                                              s/ Clifford J. Proud
                                              **CLIFFORD J. PROUD**
                                              **U. S. MAGISTRATE JUDGE**