IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARVIN B. STRODE, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| V. | ) Civil No. **06-228-GPM** |
| | ) |
| **VENICE, IL, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiffs' motion to compel the defendant City of Venice to expand its initial disclosures and respond to interrogatories and requests for production. (Doc. 30). Also before the Court is the defendants' brief in opposition. (Doc. 33). Although all of the disputed discovery requests were directed specifically to the City– not the individual defendants– the defendants responded collectively, and they collectively have responded to the subject motion. In recognition that the individual defendants have been sued in both their individual and official capacities, the Court will refer to the defendants collectively. With that said, the ultimate burden of compliance lies with the City.

### Scope of Discovery and Procedural Issues

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue

1

that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Plaintiffs McAfee and Strode were both police officers in Venice, Illinois. McAfee was fired in April 2005 after she reported several other officers for filing false police reports, using excessive force against an arrestee, running an illegal sting, assaulting her, and a host of other alleged misconduct. McAfee claims that the officers involved called her a snitch, threatened that she would be fired, intimated that she would been "gotten rid of," actually assaulted her, and made disparaging remarks touching upon her gender, race and religion. She further alleges that Police Chief Newsome did nothing to help her, failed to discipline the offending officers and ignored the officers' alleged illegal activities. Similarly, plaintiff Strode alleges that after he reported that an officer had used excessive force, officers tried to inflict retribution; and when Strode threatened to report the wrongdoing, he too was fired. Police Chief Newsome, Officers Tyler, Garrett, Fisk and Jones, Mayor Echols, and the City of Venice are all named as defendants. Plaintiffs assert claims under the First Amendment, Title VII (42 U.S.C. § 2000e-3(a)), and related state law claims of assault, battery, conspiracy, negligent hiring, supervision or retention, and retaliatory discharge.

With respect to defendants' Rules 26 initial disclosures, plaintiffs are incredulous that, aside from the defendants themselves, defendants identify only one witness and they disclose only three exhibits, despite asserting 12 affirmative defenses. They intimate that defendants should have turned over documents referenced in the initial disclosures without plaintiffs having to make any further discovery requests. Plaintiffs further contend all their discovery requests are relevant to proving their allegations and combating the defendants' affirmative defenses. More specifically, plaintiffs seek proof of the City's knowledge of alleged criminal and

unconstitutional behavior of its police officers. Plaintiffs also note that defendants' objections to the discovery requests do not cite specific evidentiary rules or legal authority, but plaintiffs do not otherwise address the defendants' specific objections. Plaintiffs stress that public policy favors the exposure of crime.

As a preliminary matter, defendants note that plaintiffs have failed to include a certificate reflecting that they attempted to resolve this discovery dispute before coming to court, as required by Federal Rule of Civil Procedure 37(a)(2). Defendants assert that their Rule 26 initial disclosures were complete and in compliance with the rule. Defendants note that plaintiffs have not made any substantive arguments regarding their specific objections. Defendants also object that plaintiffs' discovery requests were out of time. In addition, defendants argue that some of plaintiffs' discovery requests are merely an attempt to obtain documents they were unable to obtain via subpoena duces tecum. Defendants also argue that the production of personnel files violates their privacy interests and the privacy interests of non-parties.

Plaintiff has failed to certify that he attempted to informally resolve this discovery dispute, as required; but, in the interest of judicial economy, and in an attempt to keep this case relatively on track for trial, the Court will rule on the subject motion.

Plaintiffs bald assertion that the defendants' Rule 26(a) initial disclosures are inadequate is without merit. There is no rule of proportionality between the number of affirmative defenses and the number of non-party witnesses and exhibits a party must use or consider using. In the event plaintiff is able to specify a witness or item of evidence which should have been disclosed, plaintiffs are free to move to exclude that witness or evidence, or otherwise sanction the defendants. Furthermore, Rule 26(a)(1) does not require the production of documentary or

tangible evidence; rather, that evidence may be described by category and location.

Regardless of whether plaintiff's discovery requests were out of time, the defendants proceeded to respond to them (albeit with a string of other objections), rather than refuse to respond or seek a protective order from the Court.  Moreover, the Court strongly prefers to have cases decided on their merits, as opposed to procedural one-upmanship.

Defendants' objections to plaintiffs' interrogatories and request for production do not cite any specific rules or legal authority, but their objections are so basic and straight forward that citation to authority is unnecessary.  Similarly, despite plaintiffs' failure to specifically address each objection is not fatal, as plaintiffs general arguments are easily understood relative to defendants' objections.

Although the Court will address each of the contested discovery requests in turn, as a general matter the Court finds that the plaintiffs are attempting to obtain discovery regarding the City of Venice Police Department as a whole, when the amended complaint is drafted in such a way as to make certain parameters obvious.  The amended complaint revolves around the alleged wrongdoing of certain officers, and the alleged supervisory failures of the defendant police chief.  Thus, the scope of discovery will be limited accordingly, regardless of plaintiffs' desire to "indict" the entire Police Department and/or the City of Venice.  With that said, in accordance with *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978) and *Auriemma v. Rice*, 957 F.2d 397, 399 (7th Cir. 1992), plaintiffs' amended complaint claims the City is liable for the actions of the individual defendants because those individuals acted in accordance with the City's "policy, custom and practice."  Such a claim serves to dramatically broaden the scope of discovery.  Although the Court agrees that public policy favors the exposure of crime, the

4

Court does not perceive that that principle further broadens the scope of discovery in this civil action.

Relative to defendants' assertion that their personnel records are private, the Court of Appeals for the Seventh Circuit has not afforded blanket protection to personnel records. The Court recognizes the confidential nature of much of the information typically found in personnel files and the defendants' desire to keep a variety of employee information confidential. Nevertheless, the Court of Appeals for the Seventh Circuit has observed that "the contents of [employee personnel files] are by no means uniform. Some information contained in personnel files may be completely innocuous while other information could be of the most personal and sensitive nature." *National Labor Relations Board v. Pfizer*, 763 F.2d 887, 891 (7th Cir. 1985). In accordance with *Pfizer* and Federal Rules of Civil Procedure 26(b)(5) and 26(c), a party seeking to protect information from disclosure must make an express claim of privilege or for protection, which the defendants have not done.

As a general matter, the Court observes that many of plaintiffs' discovery requests suffer from imprecise drafting and overreaching. Although the Court often perceived what plaintiffs were aiming for, neither the Court nor the defendants can take responsibility for editing or redrafting the discovery requests to comport with what one imagines plaintiffs meant to request.

### Plaintiffs' Requests for Production

#### Request 1

Plaintiffs seek documents related to the City's policies and procedures regarding hiring, discipline and firing of the *police chief* and police officers. Defendants object to the relevance of policies and procedures regarding the hiring, discipline and firing of the police chief. The

defendants' limited objection is sustained. Plaintiffs' claims and the underlying factual scenario relate to the hiring, discipline and firing of officers, not the chief. Therefore, defendants need only produce the requested documents as they pertain to officers.

### Request 2

Plaintiffs seek all statutes, ordinances, manuals and memos that regulate the employment and conduct of the police chief and police officers from January 2001 to the present. Defendants' objection that this request is vague is not well taken. However, insofar as defendants refer to their objection to Request 1, which focuses on the fact that the police chief's employment is not at issue, the Court agrees that statutes, ordinances, manuals and memos that regulate the employment of the police chief are irrelevant and need not be produced.

### Request 3

Plaintiff seeks all documents related to the hiring, supervision, retention and work performance of defendants *Newsome*, Tyler, Garrett, Fisk and Jones, including documents showing a *propensity* for violence, and *inclination* to commit crimes, and *any matter bearing adversely on their honesty, reliability, trustworthiness or good character*. Defendants' objection is sustained; as drafted this request is vague, calls for speculation and seeks, in part, irrelevant materials.

### Request 4

Request 4 is aimed at all documents related to any act Newsome, Tyler, Garrett, Fisk an Jones related to, *or similar to*, the acts that plaintiffs complained of in their amended complaint. Defendants' objection that this request is vague and/or overly broad is sustained.

**Request 5**

Plaintiffs seek all documents related to any criminal record of Newsome, Tyler, Garrett, Fisk and Jones, including arrests and convictions. Defendants' assertion that the defendants' have a privacy interest in this *public* information is not well taken. All other objections are also rejected, in that this type of information typically relates to truthfulness, which is obviously an issue if the defendants testify. Therefore, defendants must comply with this request.

**Request 6**

Plaintiffs seek all documents *related to the reputation* of Newsome, Tyler, Garrett, Fisk and Jones regarding their *fitness* or lack thereof to work as police officers. Defendants' objection that this request is vague, calls for speculation and is overly broad is sustained.

**Request 7**

Plaintiffs seek all documents related to any investigation of Newsome, Tyler, Garrett, Fisk and Jones by the City prior to their employment as police officers. Defendant does not explain what privacy interests would trump this request. The requested information is clearly relevant in relation to the negligent hiring, discipline, supervision and discipline claims, as well as other claims. Defendants must comply with this request.

**Request 8**

Plaintiffs seek *all documents related to the work duties* of Newsome, Tyler, Garrett, Fisk and Jones, including their job descriptions. As drafted, the request is vague and overly broad, as defendants point out. With that said, in the interest of justice and expediency, the Court will require the production of the job descriptions for Newsome, Tyler, Garrett, Fisk and Jones' positions during the time period between February 20, 2005, and April 18, 2005.

**Requests 9-10**

There was no objection to Requests 9 and 10.

**Request 11**

Plaintiffs request all documents *reflecting* the rules, regulations, ordinances, procedures, policies, *customs, and practices* that prescribed the conduct of police officers, including the defendants, from January 1, 1996, to the present.  Defendants' objection is sustained; as drafted this request is overly broad and unduly burdensome– and the Court would add, vague, and calling for speculation.

**Request 12**

Plaintiffs seek all documents issued by the City, its police department, or any defendant in this action concerning allegations of *civil rights violations by the City or any of its officers* from January 1, 1996, to the present.  Defendants' objection is sustained; this request is overly broad and irrelevant (even with respect to a *Monell*- style claim)  in terms of the breadth of the term "civil rights violations."

**Request 13**

Plaintiffs seek all statements, memos, reports and records about the investigation, discipline or arrest of City police officers for unreasonable use of force, unreasonable searches, unreasonable seizures, assaults, batteries or false arrests from January 1, 1996, to the present.  Defendants' objection is overruled; this request is consistent with plaintiffs' *Monell* claim.

**Request 14**

Plaintiffs seek all statements, memos, reports and records about *individual employees of the City* or any of the defendants who were accused of an unreasonable use of force,

unreasonable searches, unreasonable seizures, assaults, batteries or false arrests from January 1, 1996, to the present.  At first blush this request would appear so similar to Request 13 to pass muster.  However, it sweeps too broadly, even under *Monell*.  Plaintiff is going too far afield within the City government system to find evidence of a policy, custom or practice that could be linked to the police wrongdoing alleged in the amended complaint.

### Request 15

Plaintiffs seek all documents related to the events surrounding the incidents complained of in the amended complaint, including but not limited to police reports, internal affairs investigation reports, witness statements and outside agency reports. The request is obviously aimed at relevant information.  Defendants indicate they will produce only business records.  Defendant has not explained what privacy interest would trump this request, and no privilege log has been presented, so the Court cannot analyze any valid protections defendants might be afforded.  Therefore, defendants' objection is overruled.

### Request 16

Plaintiffs seek *all documents*, including but not limited to releases, memorandums of understanding, contracts, settlement decrees, orders, appropriations and checks, associated with the settlement of *any claim* or the payment of any judgment against any of the defendants from January 1, 1996, to the present.  The Court agrees that this request is overly broad and unduly burdensome as drafted, particularly insofar as it would encompass every claim of any nature against the entire City. Defendants' objection is sustained.

### Request 17

Plaintiffs seek the *complete personnel file for each police officer* who worked for the City

during the period plaintiff Strode worked for the City. Defendants' objection is sustained; this request is clearly a fishing expedition and would undoubtedly encompass private information regarding non-parties, and information that is irrelevant to this action.

### Request 18

Plaintiffs seek an organizational diagram of the City that includes *all of its departments and each employee's name*, position and *last known address, length of service and supervision structure* on April 17, 2005. The Court appreciates the defendants' objection that this request, as drafted, in overly broad and unduly burdensome, and seeks some irrelevant information, even considering plaintiffs' *Monell* claim. However, in the interest of time, the Court directs defendants to produce an organizational chart of the City that includes all of its departments and each supervisor's name and title, and the number of employees under each supervisor on April 17, 2005.

### Request 19

This request is similar to Request 18, but pertains specifically to the City police department. Therefore, the defendant shall produce an organizational chart of the City police department that includes all of its components, and each employee's name and title as of April 17, 2005.

### Request 20

There apparently was no objection to Request 20.

### Request 21

Plaintiffs seek all documents that reflect calls made for police assistance on the dates mentioned in the amended complaint, including but not limited to 911 calls, calls for back up,

dispatch calls and calls to other police departments. Defendants' objection is sustained. This request is overly broad, unduly burdensome and seeks information which is clearly irrelevant.

**Request 22**

Plaintiffs seek all non-privileged written statements, memorandum or oral statements, and court reporter statements taken of the plaintiffs, plaintiffs' witnesses, or any other person having knowledge of relevant facts of this case. Defendants agree to produce any statements of the plaintiffs that exist. Defendants otherwise object that this request encroaches on work product. Construing the privilege to include attorney work product, it appears that defendants have actually fully complied with the request. Defendants are deemed to have complied with this request.

**Request 23**

Plaintiffs seek all documents requested in plaintiffs' subpoenas duces tecum served on defendants Jones, Tyler, Garrett and Fisk not previously produced. Defendants object to the form of the request, and further object that the request is overly broad, unduly burdensome and seeks information which is irrelevant. The Court cannot assess this request (or defendants' objections for that matter) because it requires one to view the subpoenas, which were not submitted as part of the request or the subject motion to compel. The Court will not hunt through the record like a pig in search of a truffle. *See U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Therefore, defendants' objection to the form of the request is sustained.

**Request 24**

Plaintiffs seek the Venice police department evidence ledger from January 1, 1996, to the present. Defendants object that the request is overly broad, unduly burdensome and seeks

information that is irrelevant. Defendants' objection is sustained in all respects; the Court cannot fathom the relevance of such a sweeping request.

### Request 25

Plaintiffs request, in essence, a privilege log listing any documents withheld. Defendants object that such a request is not consistent with the law. The Court agrees that such a log is not required. Virtually of the documents withheld or requests not honored have nothing to do with privilege; therefore the information requested in the log is irrelevant to countering the defendants' objections. Therefore, defendants need not comply with this request.

## Plaintiff's Interrogatories

### Interrogatory 3

Plaintiffs asks whether, prior to answering the interrogatories, the defendant City has made a diligent effort and inquiry of all its agents to obtain all information available in this action. Defendants correctly observe that this inquiry is vague. This interrogatory combines a sort of "work product" inquiry with an affirmation that the defendant City has complied with its duties in responding to the interrogatories. The City will not be required to vouch for itself to any greater extent than is required under Federal Rule of Civil Procedure 33(b). Therefore, no further response will be required.

### Interrogatories 4-6

Interrogatories 4, 5 and 6 ask for the substance of all communications made by plaintiffs to the defendants and/or the City's agents, and communications given or taken by the defendant City relating to the occurrences alleged in the amended complaint. The defendants correctly object that these interrogatories are compound inquiries far better suited for depositions. These

questions are simply too broad; there is no way to assess compliance.  Therefore, defendants need not respond further to these specific interrogatories.

### Interrogatory 7

Plaintiffs ask if the City, other defendants or their agents received notice of the occurrences alleged in the amended complaint from plaintiffs or someone on behalf of plaintiffs; if so, the method of communication and its substance.  Defendants object that the question is vague, unduly burdensome, compound, and better suited to a deposition(s).  The Court concurs that the question is overly broad, unduly burdensome and better suited to the deposition format.

### Interrogatory 8

Plaintiffs seek to identify all documents related to the occurrences alleged in the amended complaint, and the identity of the persons who possess the related documents.  Defendants object that the question is vague, overly broad, unduly burdensome, calls for speculation and seeks work product.  Plaintiffs are apparently trying to expand on the disclosures required under Federal Rule of Civil Procedure 26(a)(1)(B).  Of course, the defendant can only identify the documents it is aware of, and it will be difficult to assess compliance, but the Court does not find the interrogatory to be so unwieldily as to warrant striking.  Therefore, the defendant City must respond.  The City may still claim the protection of the work product doctrine, as it deems appropriate.

### Interrogatory 9

Plaintiffs inquire about any insurance coverage available to any of the defendants, as they inquire about any knowledge or belief that the coverage could be denied.  Defendants note that they are required by Federal Rule of Civil procedure 26 to provide a copy of their insurance

policies; they otherwise object that the inquiry calls for speculation and legal conclusions. The Court considers the defendants' Rule 26 disclosures regarding insurance as satisfying this interrogatory. Defendants need not speculate about whether insurers may or may not provide coverage.

**Interrogatories 10-14**

Interrogatories 10-14 inquire about the employment applications, interviews and inquiries regarding defendants Newsome, Tyler, Garrett, Fisk and Jones. Defendants object that these inquiries are overly broad, unduly burdensome, seek irrelevant information, and invade the defendants expectations of privacy. Again, the Court does not perceive how such information relative to Chief Newsome is relevant to the allegations in the amended complaint. The Court otherwise finds the inquiry relevant to the plaintiffs' negligent hiring claims and allegations of prior knowledge of wrongdoing or the propensity therefor. Defendants do not explain why their privacy expectations should trump this inquiry. Therefore, the City must provide the requested information relative to defendants Tyler, Garrett, Fisk and Jones, but not defendant Newsome.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to compel (Doc. 30) is **GRANTED IN PART AND DENIED IN PART** as detailed above. On or before **February 14, 2007**, the defendant City of Venice, upon which the disputed requests for production and interrogatories were propounded, shall respond as directed in this order.

**IT IS SO ORDERED.**

**DATED: January 30, 2007**

s/ Clifford J. Proud
**CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE**