IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN B. STRODE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 3:06-CV-228-GPM |
| vs. ) | |
| ) | |
| THE CITY OF VENICE, et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION TO SANCTION BROWN & JAMES, P.C.**

Plaintiffs, by and through their attorneys, The Rex Carr Firm, P.C., move this Court to sanction Brown & James, P.C. and/or John Briggs and James Craney, and state as follows:

**I.   Introduction**

Plaintiffs seek to have this Court enter sanctions against the law firm of Brown & James because the attorneys at this firm are not cooperating in discovery, and this failure to cooperate multiplies the proceedings in this case. Plaintiffs have now fruitlessly scheduled the deposition of Jeremy Harrell four (4) times, and cannot schedule his deposition a fifth (5th) time because Brown & James, P.C. refuses to cooperate with discovery. The unreasonable and vexatious refusal of Brown & James, P.C. to cooperate with discovery "multiplies the proceedings" in the instant case. Accordingly, Plaintiffs move this Court to sanction Brown & James, P.C. pursuant to 18 U.S.C.A. § 401 and 28 U.S.C.A. § 1927.

**II.   Facts**

On April 4, 2007, Plaintiffs requested dates for the deposition of Jeremy Harrell from Brown & James, P.C. Exhibit A, Letter from Christian Montroy to John Briggs (April 4, 2007). Brown & James, P.C. did not respond to this request.

1

On April 10, 2007, having not received dates Mr. Harrell was available for deposition, Plaintiffs noticed the deposition of Jeremy Harrell for the **first** time for April 19, 2007 at 9AM. Exhibit B, Notice To Take Depositions (April 10, 2007).  Plaintiffs scheduled a court reporter for this date.

On April 10, 2007, after receiving the notice of deposition, Stephen Wolz, paralegal for Defendants' attorneys, stated in both a telephone call and a written letter that Jeremy Harrell would not be available on April 19, 2007 at 9AM, and that Defendants would produce Mr. Harrell for deposition on April 25, 2007 at 9AM.  Exhibit C, Letter from Stephen Wolz to Christian Montroy (April 10, 2007).  Plaintiffs canceled the court reporter for April 19, 2007, and rescheduled it for April 25, 2007.  This was the **second** time that Jeremy Harrell's deposition was scheduled.

On April 24, 2007, Defendant's attorney, John Briggs, canceled the deposition of Jeremy Harrell for April 25, 2007 at 9AM, and agreed to produce him on May 6, 2007 at 9AM. Plaintiffs agreed to that schedule.  Exhibit D, Affidavit of Christian Montroy (May 8, 2007). Plaintiffs *again* canceled the court reporter for this date, and *again* rescheduled the court reporter, this time for May 6, 2007.  This was the **third** time that Jeremy Harrell's deposition was scheduled.

On April 27, 2007, Defendants agreed to produce their former employee, Jeremy Harrell, on May 6, 2007 at 1PM.  Exhibit E, Letter from John Briggs to Christian Montroy (April 27, 2007).  On that same date, Plaintiffs noticed Mr. Harrell's deposition for said date and time. Exhibit F, Amended Notice To Take Depositions (April 27, 2007).

Because Defendants agreed to produce Jeremy Harrell, their former employee, Plaintiffs did not subpoena Mr. Harrell.  By agreeing that Defendants would produce their former

2

employee, Jeremy Harrell, Defendants effectively stipulated that Plaintiffs need not subpoena Jeremy Harrell.  Pursuant to Rule 29 of the Federal Rules of Civil Procedure, Parties may stipulate to the notice necessary for deposition, and may modify other procedures governing discovery. Fed. R. Civ. P. 29 (1993).

Defendants did not produce Jeremy Harrell on May 6, 2007 at 1PM as they agreed. Exhibit G, Trans. of Proceedings (May 6, 2007).  The Brown & James attorney at the deposition stated that that he represented Mr. Harrell for the purpose of the deposition.  <u>Id.</u>

On May 8, 2007, Plaintiffs moved this Court to enter sanction Defendants by requiring them to pay the costs and reasonable attorneys fees incurred in failing to produce Mr. Harrell and in filing that motion.  Pl.'s Mt. for Sanctions (May 8, 2007).  On May 11, 2007, Defendants responded that Rule 37 does not provide for sanctions when non-parties fail to appear for a deposition.   Def.'s Resp. to Pl.'s Mt. for Sanctions (May 11, 2007).

On May 23, 2007, Steve Wolz telephoned Plaintiffs' attorneys' secretary and stated that Jeremy Harrell would be produced for deposition on Friday, May 25, 2007 at 3PM.  Brown & James, P.C. wrote no letter confirming that Mr. Harrell would be produced.  Plaintiffs' attorney faxed notice of Mr. Harrell's deposition on that date, as well as a letter confirming the same. Exhibit H, Notice of Deposition and Letter from Christian G. Montroy to Steve Wolz (May 23, 2007).  Due to the short time before the deposition, Mr. Harrell was not subpoenaed.  This is the **fourth** time that Jeremy Harrell's deposition was scheduled.

On May 24, 2007, Plaintiffs' attorney contacted James Craney, an attorney of record at Brown & James, P.C., and stated his concerns with regard to the deposition.  Plaintiffs' attorney explained that he did not want his client to incur additional expenses if Mr. Harrell again failed to show up for his deposition.  Plaintiffs' attorney asked James Craney for a letter that ensured

3

that someone would be responsible for Mr. Harrell's deposition, which would state: (1) that Brown & James represents Mr. Harrell with regard to his deposition; (2) that Brown & James will produce him tomorrow at 3PM; and, (3) that Brown & James waives the Rule 45(b) requirement of service of a subpoena for his deposition on May 25, 2007.  Mr. Craney asked for a letter memorializing my request, and stated that he would respond promptly.  Plaintiffs memorialized their discussion in both an email and a fax.  Exhibit I, Email from Christian G. Montroy to James Craney (May 24, 2007); Exhibit J, Fax from Christian G. Montroy to James Craney (May 24, 2007).  In his letter, Plaintiffs' attorney stated that if he did not receive any indication that anyone would be held responsible for the deposition of Mr. Harrell before 11AM on the day of the deposition, Plaintiffs' attorney would cancel the deposition.  Id.  Brown & James P.C. did not respond to Plaintiffs' phone call, fax or letter.

On May 25, 2007 at 11:53AM, because Brown & James, P.C. did not respond to Plaintiffs' letter, Plaintiffs canceled the deposition of Jeremy Harrell.  Exhibit K, Fax from Christian G. Montroy to James Craney (May 25, 2007).

Plaintiffs' attorney bills at three hundred fifty dollars ($350) an hour. Exhibit L, Affidavit of Christian G. Montroy (May 25, 2007).  Plaintiffs incurred $1,050.00 in attorneys fees and $68.75 in costs in attending Mr. Harrell's deposition on May 6, preparing a Motion for Sanctions, and Replying to Defendants' Response to the Motion for Sanctions.  Id.  Plaintiffs' worked for 30 minutes on May 6, 2007 regarding the deposition, for one (1) hour on May 8, 2007 preparing the motion for sanctions, and one and a half (1½) hours on May 23, 2007 preparing a reply to Defendants' response.  Id.  Plaintiffs' attorney worked five (5) hours in preparing this Motion to Sanction Brown & James, P.C., and his attorneys fees for this Motion are $1,800.00.  Id.   Plaintiffs total attorneys fees and expenses incurred in attempting to depose

4

Jeremy Harrell and moving this Court for sanctions amount to $2,800.00 in attorneys fees, and $68.75 in costs.  Id.

### III.     Analysis

Brown & James, P.C. should be sanctioned because the behavior of their attorneys prevents Plaintiffs from deposing a crucial witness in the above-captioned case, and it multiplies the proceedings before this Court.  To begin with, because Brown & James, P.C. refuses to cooperate, Plaintiffs are left without options regarding the deposition of Jeremy Harrell.  Apart from the unsworn statement of John Briggs on May 6, 2007, Plaintiffs have seen no evidence that Brown & James, P.C. represents Jeremy Harrell.  Nonetheless, Plaintiffs' attorneys do not wish to violate the Rules of Professional Conduct by improperly contacting a person represented by counsel.  Ill. Code Prof. Resp. Rule 4.3.  Without communicating with Mr. Harrell or his alleged attorney, Plaintiffs cannot "take reasonable steps to avoid imposing undue burden or expense" in serving a subpoena upon Mr. Harrell, as required by Rule 45(c)(1) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 45(c)(1).  If Plaintiffs issue a subpoena in violation of this duty, this Court may impose sanctions on Plaintiffs.  Id.  Accordingly, by refusing to cooperate with Plaintiffs in scheduling Jeremy Harrell's deposition, Brown & James, P.C. is preventing necessary discovery in this case.

Furthermore, Brown & James' refusal to cooperate is unreasonable and vexatious, and Plaintiffs' attorneys are entitled to an award of monetary sanctions pursuant to 28 U.S.C.A. § 1927.  Section 1927 reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C.A. § 1927.  Section 1927 allows a Court to sanction an attorney when that attorney has acted in an "objectively unreasonable manner" by engaging in "serious and studied disregard for the orderly process of justice."  Jolly Group, Ltd. v. Medline Industries, Inc., 435 F.3d 717, 720 (7th Cir. 2006).  There is no reasonable excuse for requiring Plaintiffs to schedule and reschedule Jeremy Harrell's deposition four times, then ultimately failing to produce Mr. Harrell.  Brown & James repeatedly agreed to produce Mr. Harrell, then took no responsibility for when Mr. Harrell does not show up on May 6, 2007.  Their attorneys do not return phone calls or respond to letters, which makes discovery difficult to impossible.  Brown & James, P.C. does not cooperate with Plaintiffs in scheduling depositions prior to Plaintiffs' giving notice of those depositions, which multiplies the amount of work that Plaintiffs have to do in noticing, scheduling, renoticing and rescheduling depositions.  The fact that Brown & James would not confirm by letter on March 23, 2007 their last minute offer to produce Mr. Harrell, and that James Craney would not agree to take responsibility for the May 25, 2007 deposition, incidate that Brown & James, P.C. is toying with Plaintiffs counsel.  They are making more work for themselves, Plaintiffs' counsel and this Court.  This is not a game, and Plaintiffs do not enjoy Brown & James' obstructive behavior.  This behavior, which creates more work for attorneys and repeated filings to this Court, is the precise conduct which Section 1927 is meant to prevent.  Plaintiffs' counsel has now spent *over one entire work day* fruitlessly attempting to secure the deposition of Jeremy Harrell.  Plaintiffs do not believe that Plaintiffs should be responsible for the attorneys fees and expenses incurred as a result of the unreasonable and vexatious behavior of the attorneys at Brown & James, P.C.

      Plaintiffs further move this Court for entry of sanctions pursuant to 18 U.S.C.A. § 401.

**WHEREFORE**, Plaintiffs ask this Court to find that Brown & James, P.C. and its attorneys John Briggs and James Craney acted unreasonably and vexatiously, multiplying the proceedings in this case, and enter an Order requiring Brown & James, P.C., and/or its attorneys John Briggs and James Craney to:

>(1) Produce evidence that Jeremy Harrell has retained Brown & James, P.C. with regard to this action, or admit that Mr. Harrell is not represented by Brown & James, P.C.; and,
>
>(2) Pay The Rex Carr Firm, LLC $2,868.75 in attorneys fees and costs within thirty (30) days of this Court's Order.

>Respectfully submitted,
>
>THE REX CARR LAW FIRM, LLC,
>
>
>s/Christian G. Montroy
>CHRISTIAN G. MONTROY
>Attorneys for Plaintiffs
>412 Missouri Avenue
>East St. Louis, IL 62201
>Phone:       618.274.0434
>Fax:         618.274.8369
>E-mail:CMontroy@RexCarr.com
>IL Bar #6283566

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN B. STRODE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 3:06-CV-228-GPM |
| vs. | ) |
| | ) |
| THE CITY OF VENICE, et al., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2007 I electronically filed MOTION TO SANCTION BROWN & JAMES, P.C. with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

>John D. Briggs
>1010 Market Street, 20th Floor
>St. Louis, MO 63101
>
>James Craney
>1010 Market Strete, 20th Floor
>St. Louis, MO 63101
>
>Heidi L. Eckert
>521 West Main Street, Suite 300
>Belleville, IL 62222
>
>Bruce Carr
>412 Missouri Avenue
>East St. Louis, IL 62201

and I hereby certify that on May 24, 2007  mailed by United States Postal Service, I mailed a copy of the Entry of Appearance to the following non-registered participants:

>None

>>Respectfully Submitted,
>>
>>s/Christian G. Montroy
>>Christian G. Montroy
>>The Rex Carr Law Firm, LLC
>>Attorneys to Plaintiffs
>>412 Missouri Avenue
>>East St. Louis, IL 62201

9

        Phone:  618.274.0434
        Fax:       618.274.8369
        E-mail:  CMontroy@RexCarr.com
        IL Bar #6283566