IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN B. STRODE and<br>MARQUITTA A. MCAFEE,<br><br>  Plaintiffs,<br><br>vs.<br><br>THE CITY OF VENICE, ILLINOIS,<br>TYRONE ECHOLS, JAMES E. NEWSOME,<br>SHAWN TYLER, WILLIAM E. GARRETT,<br>TIMOTHY J. FISK and BRADLEY JONES,<br>in their individual and official capacities,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)   CASE NO. 06-CV-228-GPM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

**PROUD, Magistrate Judge:**

Before the Court is the plaintiffs' motion for sanctions against the defendants related to the failure of a former City of Venice employee, Jeremy Harrell, to appear for deposition on May 6, 2007. (Doc. 46). Plaintiffs move for sanctions pursuant to Federal Rule of Civil Procedure 45(e). (Doc. 48). Also before the Court is plaintiffs' motion for sanctions specifically against defense counsel for Mr. Harrell's failure to appear. (Doc. 51).

At the heart of the plaintiffs' motions is a letter dated April 27, 2007, from John D. Briggs, one of three attorneys representing all defendants, informing plaintiffs' counsel that Jeremy Harrell would be produced for deposition on May 6, 2007. (Doc. 46-6, Exhibit E). The letter also noted that plaintiffs' counsel's assistant was issuing a corresponding amended notice of deposition. (Doc. 46-6, Exhibit E). Based on defense counsel's letter, plaintiffs' counsel did not issue a subpoena to Harrell. Harrell did not appear at the appointed time; defense counsel Briggs indicated on the record

1

that although he was the City's attorney and thus represented Harrell in his official capacity, he, Briggs, was not Harrell's personal attorney. (Doc. 46-8, Exhibit G, p. 3). Briggs also explained that he had spoken and corresponded with Harrell about the deposition setting, but Harrell had not returned recent messages. (Doc. 46-8, Exhibit G, p. 3). According to attorney Briggs, he had no warning that Harrell was not going to appear. (Doc. 47).

Defendants argue that there is no procedural basis upon which to sanction them, as Harrell is not a party to the case who would be subject to sanctions under Federal Rule of Civil Procedure 37, for failure to participate in discovery or attend his own deposition. (Doc. 47). The time for defendants to respond to plaintiffs' second motion for sanctions has not passed, but the Court does not perceive the need to await that response before ruling, as both motions fail for the same reasons.

As a preliminary matter the Court observes that Federal Rule of Civil Procedure 45(e) provides that any person who, without adequate excuse, fails to obey a subpoena served upon that person may be deemed in contempt of Court. Jeremy Harrell was never served a subpoena; therefore, Rule 45(e) is inapplicable. Federal Rule of Civil Procedure 37 is also inapplicable, as Harrell is not a party, nor is he an officer, director or managing agent of the City, or a designee under Rule 30(b)(6) or 31(a).

Furthermore, plaintiffs' argument that they treated defense counsel's written assurance that Harrell would appear as a stipulation that they need not subpoena Harrell cannot carry the day for plaintiffs. Plaintiffs have never indicated that they were unaware that Harrell was no longer a City employee, and they certainly were aware that he was not a party; therefore, they should have realized that defense counsel had no control over Harrell. Although plaintiffs could easily have ensured Harrell's appearance with a subpoena, they are not faulted for relying on defense counsel's

assurances, but that does not mean that sanctions are appropriate.  There is absolutely no evidence of bad faith on the part of defense counsel; to the contrary, defense counsel attempted to facilitate Harrell's appearance, even though Harrell was no longer a City employee.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion for sanctions against the defendants related to the failure of a former City of Venice employee, Jeremy Harrell's failure to appear for deposition on May 6, 2007 (Doc. 46) and plaintiffs' motion specifically against defense counsel for the Mr. Harrell's failure to appear (Doc. 51) are both **DENIED**.

**IT IS SO ORDERED.**

DATED:  June 1, 2007

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
