IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN B. STRODE and<br>MARQUITTA A. MCAFEE,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE CITY OF VENICE, ILLINOIS,<br>TYRONE ECHOLS, JAMES E. NEWSOME,<br>SHAWN TYLER, WILLIAM E. GARRETT,<br>TIMOTHY J. FISK and BRADLEY JONES,<br>in their individual and official capacities,<br><br>    Defendants. | CASE NO.  06-CV-228-GPM |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is the defendants' motion to quash eight scheduled depositions that would purportedly result in excess of ten depositions having been taken by plaintiffs, without their having obtained leave of Court, as required by Federal Rule of Civil Procedure 30(a)(2).  **(Doc. 49).**  Also before the Court is the plaintiffs' combined response and motion for leave to exceed the ten deposition limit under Rule 30.  **(Doc. 50).**

A review of the record reveals that the discovery cutoff is June 7, 2007.  **(Doc. 44).** Discovery has not gone smoothly in this action, due primarily to the acrimony between the parties and their respective attorneys.

The defendants are procedurally correct– leave of Court to take in excess of ten depositions should have been sought.  However, as plaintiffs note, there are six individual defendants and the City of Venice; therefore, limiting the plaintiffs to ten depositions is obviously unrealistic.

1

Defendants do not elaborate on their assertion that plaintiffs cannot show that additional depositions are consistent with the principles stated in Rule 26(b)(2), and plaintiffs have not explained the nature of the anticipated testimony of the named deponents. Nevertheless, there is no basis for concluding that the depositions are sought in bad faith and/or in an effort to abuse the discovery process and harass the defendants.

**IT IS THEREFORE ORDERED** that the defendants' motion to quash **(Doc. 49)** is **DENIED**; and the plaintiffs' motion for leave to take in excess of ten depositions **(Doc. 50)** is **GRANTED**.

In accordance with Local Rule 26.1(d), the Court expects the parties to amicably agree to do whatever it takes to complete the remaining depositions; any such agreement must be memorialized in writing if it is to be enforced by the Court.

**IT IS SO ORDERED.**

**DATED:  June 1, 2007**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
